# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **BRENDA KAY LEAVY,** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 2:19-cv-02705 |
| vs. ) | |
| ) | |
| **FEDEX CORPORATION** ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant FedEx Corporation ("FedEx") submits its Answer to the Complaint for Employment Discrimination ("Complaint") filed by Plaintiff Brenda Kay Leavy ("Leavy") and states:

### I.      THE PARTIES TO THIS COMPLAINT

1(A)    Upon information and belief, FedEx admits the allegations in paragraph 1(A) of the Complaint.

1(B).    FedEx admits the allegations in Paragraph 1(B) of the Complaint.

1(C).    FedEx admits the allegations in paragraph 1(C) of the Complaint.

### II.     BASIS FOR JURISDICTION

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, Defendant admits jurisdiction is proper in this Court. FedEx denies it violated any of the laws

cited in Paragraph 2 of the Complaint or any other laws and denies that Leavy is entitled to any relief whatsoever from FedEx.

### III.     STATEMENT OF CLAIM

3(A).   FedEx denies it discriminated against Leavy.  FedEx also denies retaliating against Leavy for exercising her rights under the Family Medical Leave Act ("FMLA").  Further, FedEx denies it terminated her employment.  FedEx affirmatively states Leavy voluntarily retired from FedEx in November 2018.

3(B).   FedEx denies any discriminatory acts occurred on October 4, 2018, or on any date whatsoever.  FedEx affirmatively states Leavy voluntarily retired from FedEx in November 2018.

3(C).   FedEx denies ever committing any discriminatory or retaliatory acts towards Leavy.

3(D).   FedEx admits Leavy suffered from a type of cancer.  FedEx expressly denies discriminating or retaliating against Leavy.

3(E).   FedEx admits it employed Leavy.  FedEx admits that in 2016 Leavy began working as an Executive Administrative Assistant for Staff Vice-President of Human Resources, Karen Galambos ("Galambos").  FedEx denies Leavy had "no performance issues" and further denies that Leavy had "no write-ups."  Upon information and belief, FedEx admits Leavy was diagnosed with cancer and took FMLA leave.  FedEx denies that Galambos "started to denigrate" Leavy's work and revoke her responsibilities.  FedEx admits that in accordance with its Staffing Effectiveness policy and procedure, Leavy's Executive Administrative Assistant

position was eliminated because a business determination had been made that a dedicated Executive Assistant to support Galambos was no longer needed.  FedEx affirmatively states that consistent with its Staffing Effectiveness policy and procedure, FedEx provided Leavy with 60-days of paid leave to find another position and also offered an additional 90-days of unpaid leave at the conclusion of the 60-day period.  FedEx further affirmatively states that rather than find another position with FedEx, Leavy voluntarily retired prior to her paid 60-day leave expiring.  FedEx expressly denies any characterization or inference that it discriminated or retaliated against Leavy.

## IV. EXHAUSTION OF FEDERAL ADMINISTREATIVE REMEDIES

4(A).   FedEx admits Leavy filed her charge with the Equal Employment Opportunity Commission ("EEOC") on February 15, 2018.  FedEx expressly denies any characterization or inference that it discriminated or retaliated against Leavy.

4(B).   FedEx admits the EEOC issued a Notice of Right to Sue on July 31, 2019, and upon information and belief, admits Leavy received the Notice of Right to Sue on August 1, 2019.   FedEx expressly denies any characterization or inference that it discriminated or retaliated against Leavy.

## V. RELIEF

5. FedEx expressly denies any characterization or inference that it discriminated or retaliated against Leavy.  FedEx denies Leavy is entitled to the relief sought and denies she is entitled to any relief whatsoever.  All allegations of the Complaint that have not been specifically admitted, modified, or denied above are hereby **DENIED.**

## **AFFIRMATIVE AND OTHER DEFENSES**

Having answered the Complaint in its entirety, FedEx asserts the following affirmative and other defenses:

1. Leavy's purported causes of action are barred, in whole or in part, by the applicable statute of limitations and all other applicable timing requirements and limitations.

2. The Complaint, and each claim set forth therein, fails to state a claim against FedEx upon which relief can be granted.

3. The Complaint is barred on the grounds that Leavy's employment was terminable at-will pursuant to an express employment agreement and by FedEx's express at-will employment policies, so Leavy has no claim or cause of action based upon the alleged termination of her employment.

4. FedEx avers that any back pay amounts allegedly owed to Leavy must be offset by Leavy's interim earnings and/or amount earnable by Leavy with reasonable diligence.

5. FedEx is not liable for any acts of any alleged agent that were outside the scope of that agent's employment.

6. Leavy is not entitled to punitive damages because she unreasonably failed to complain about alleged mistreatment, take advantage of preventative or corrective opportunities provided by FedEx, take advantage of reporting mechanisms, or to avoid harm otherwise.

7. FedEx asserts Leavy is not entitled to recover any punitive damages because: (1) she failed to plead facts sufficient to support the recovery of punitive damages; and (2) FedEx committed no acts justifying an award of punitive damages.\

8.  FedEx avers that neither it nor any of its officers, directors, or managing agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Leavy's protected rights.

9.  FedEx alleges provisionally and conditionally that if Leavy suffered any damages, such damages were proximately or legally caused by the misconduct, neglect, and fault of Leavy and/or parties other than FedEx.

10. Each employment action FedEx took with respect to Leavy was in compliance with FedEx policy and for a legitimate, non-discriminatory, non-retaliatory business purpose and without regard to her Family and Medical Leave and alleged disability, or any protected activity.

11. Without admitting Leavy suffered any damages, FedEx avers it is entitled to a setoff against any recovery by Leavy which must be reduced by the amount of money she received from any source subsequent to her termination.

12. FedEx alleges Leavy failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of FedEx.

13. Leavy's damages should be reduced, in whole or in part, to the extent FedEx discovers after-acquired evidence of wrongdoing by Leavy for which she would have been reassigned, demoted, or terminated. Thus, some or all of the damages, if any, may be barred by the after-acquired evidence doctrine

14. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, FedEx affirms it took prompt and effective action to remedy any such acts and therefore has no liability for them.

15. FedEx reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered, Defendant FedEx Corporation prays that this Court will enter judgment in its favor, and award its costs, including reasonable attorney fees, and other relief as may be just and proper.

Respectfully submitted,

/s/ Joseph B. Reafsnyder
Joseph B. Reafsnyder (TN Bar #27482)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38120
Phone: (901) 434-8375
Email:  joseph.reafsnyder@fedex.com
*Attorney for Defendant FedEx Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, the foregoing document was filed using the Court's electronic case filing (ECF) system, and a copy was sent via U.S. Mail, postage prepaid, to:

Brenda Kay Leavy, *Pro Se*
5036 Overview Ridge Cove
Memphis, TN 38141

/s/ Joseph B. Reafsnyder
Joseph B. Reafsnyder