**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **BRENDA KAY LEAVY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:19-cv-02705-JTF-tmp** |
| ) | |
| **FEDEX CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Before the Court are (1) Plaintiff's Motion for Summary Judgment, filed on July 6, 2020 (ECF No. 26); and (2) Defendant's Motion for Summary Judgment, filed on July 25, 2020 (ECF No. 31). The Chief Magistrate Judge issued a Report and Recommendation on February 18, 2021, recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted. (ECF No. 48.) Plaintiff timely filed Objections to the Report and Recommendation on March 2, 2021. (ECF No. 49.) On March 17, 2021, Defendant filed a Response in Opposition to Plaintiff's Objections.[1] (ECF No. 50.) For the reasons provided below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is **DENIED**. Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

## FACTUAL OBJECTIONS

---

[1] The Court will not consider Defendant's Response in Opposition because it was not timely filed. *See* LR 72.1(g)(2).

Plaintiff objects to the Chief Magistrate Judge's determination that Defendant's proffered statements of fact should be considered undisputed.  (ECF No. 49, 4.)   In the Report and Recommendation, the Chief Magistrate Judge determined that Plaintiff failed to comply with Local Rule 56.1(a) because Plaintiff did not submit "a separate, concise statement of the material facts." (ECF No. 48, 2.)   Thus, the Chief Magistrate Judge deemed Defendant's proffered facts as undisputed.  (*Id.* at 3.)  Plaintiff argues this was error because, as a *pro se* party, her pleadings should be held a lower standard.  (ECF No. 49, 4–5.)  However, whether Plaintiff's pleadings should be held to a more favorable standard is not the issue.  The issue is whether Plaintiff is required to adhere to this Court's Local Rules and the Federal Rules of Civil Procedure in opposing and moving for summary judgment.  The Sixth Circuit has explained that a *pro se* nonprisoner litigant "should expect no special treatment which prefers [her] over others who are represented by attorneys." *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).  Thus, Plaintiff's objection on this point is **DENIED**.

Second, Plaintiff objects to the Chief Magistrate Judge's determination that sanctions against Defendant are unwarranted.  (ECF No. 49, 5.)  However, Plaintiff provides no authority to support an imposition of sanctions against Defendant for characterizing Plaintiff's conviction for driving while intoxicated as an arrest.  Accordingly, Plaintiff's objection on this issue is **DENIED**.

Next, Plaintiff asserts Galambos made disparaging comments to Plaintiff.  Plaintiff states that Galambos told Plaintiff that "we're already accommodating you" and "just because you're on FMLA leave doesn't mean that you can put your work off on others."  (ECF No. 49, 2.)  Plaintiff further states that Galambos instructed co-workers not to copy Plaintiff on communications, making Plaintiff's job duties more difficult to perform.  (ECF Nos. 49, 2 & 39-6, 3–4.)  Ultimately, as explained in the Report and Recommendation, such allegations are unrelated to the decision to

eliminate Plaintiff's position and would be insufficient to change the outcome in this case.  Plaintiff has not provided authority to counter this conclusion.  Accordingly, this objection is **DENIED**.

Finally, Plaintiff contends that Defendant considered Plaintiff's disability when conducting her 2018 fiscal year performance review, which Galambos issued on May 31, 2018, because Plaintiff was on FMLA leave at that time.  (ECF No. 49, 3.)  Further, Plaintiff asserts that Defendant considered Plaintiff's purported disability because Galambos referred to the disability by stating in the review that Plaintiff "had a tough year." (ECF Nos. 49, 3 & 39-11, 11.)  Plaintiff further states that no other Human Resources employees received a performance review at that time.  (ECF No. 49, 3.)  Again, there is no support in the record for these allegations.  Further, these events standing alone would be insufficient to change the Court's conclusion.  Thus, Plaintiff's objection on this point is **DENIED**.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the

magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions."  *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

The Court notes that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  Furthermore, "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire" report and recommendation.  *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  In turn, "[a] general objection is considered the equivalent of failing to object entirely."  *Id.*  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.

## <u>ANALYSIS</u>

The Report and Recommendation recommends that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted.  As

explained below, the Court denies Plaintiff's legal objections and **ADOPTS** the Report and Recommendation.

## I.  <u>Summary Judgment Standard</u>

In evaluating a motion for summary judgment, federal courts are guided by Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. *See* Fed. R. Civ. P. 56(c); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) ("The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.") (internal quotation marks omitted).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *DeLuca v. Atl. Refining Co.*, 176 F.2d 421, 423 (2d Cir. 1949)).  Furthermore, one may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Instead, the nonmovant must present "concrete evidence supporting its claims." *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); *see* Fed. R. Civ. P. 56(c)(1).  The district court does not have the duty to search the record for such evidence. *See* Fed. R. Civ. P. 56(c)(3);

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor.  *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp.*, 889 F.2d at 111.

Where—as is the case here—there are "cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'"  *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016) (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).  "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other[.]"  *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (citation omitted).

## II.  Plaintiff's Motion for Summary Judgment

### A.  Title VII Claim

The Chief Magistrate Judge determined that Plaintiff was not entitled to summary judgment as to any Title VII claim because Plaintiff did not assert such a claim in her Complaint and acknowledged during her deposition that she was not asserting such a claim.  (ECF No. 48, 18.)  Plaintiff has not objected to this determination.  Accordingly, the Court adopts the Report and Recommendation and concludes that Plaintiff is not entitled to summary judgment on a Title VII claim.

### B.  ADA Claim

Plaintiff moves for summary judgment on her claim under the Americans with Disabilities Act ("ADA").  The Chief Magistrate Judge determined that Plaintiff is not entitled to summary judgment on her disability discrimination claim.  (ECF No. 48, 24.)  In discrimination cases involving only indirect evidence, the *McDonnell Douglas* burden-shifting framework applies.

6

*Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1179–82 (6th Cir. 1996)).  Accordingly, Plaintiff must initially establish a *prima facie* case of discrimination by showing that (1) she is disabled, (2) she is otherwise qualified for the position, with or without reasonable accommodation, (3) she suffered an adverse employment decision, (4) Defendant knew or had reason to know of Plaintiff's disability, and (5) the position remained open while Defendant sought new applicants or Plaintiff was replaced.  *See id.* at 891–92 (citations omitted).

The Chief Magistrate Judge determined that Plaintiff could not establish a *prima facie* case of disability discrimination because Plaintiff could not establish the fifth element—that Plaintiff was replaced or Defendant sought other applicants.  (ECF No. 48, 19–20.)  The Chief Magistrate Judge found that Plaintiff was eliminated as part of a work force reduction.  (*Id.* at 20–21.)  A plaintiff is not terminated in the context of a work force reduction if they are replaced after termination.  *See Geiger v. Tower Auto.*, 579 F.3d 614, 623 (6th Cir. 2009) (citation omitted).  Plaintiff contends that Defendant "unofficially filled" Plaintiff's former position with Tamara Turner.  Without pointing to any evidence in the record, Plaintiff asserts that Turner works in Human Resources as a "Project Manager" and sits outside Galambos' office and performs the same work as Plaintiff's former position.  (ECF No. 49, 8.)  This allegation lacks support in the record and is purely speculative.  Thus, the Court concludes that Plaintiff was terminated as part of a work force reduction.  As a result, to establish the final element of her *prima facie* case, she must point to "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons."  *Geiger*, 579 F.3d at 624 (citation omitted).  Plaintiff's Objections purportedly attempt to make this showing by pointing to Galambos' alleged comment to Plaintiff that "[j]ust because you are on FMLA, doesn't

mean that you can put your work off on others." (ECF No. 49, 6.)  However, the Chief Magistrate

Judge considered this argument and rejected it in the Report and Recommendation.  (ECF No. 48,

29.)  Plaintiff has pointed to no authority to support deviation from that determination.  Plaintiff

provides no evidence beyond this bare allegation that she was impermissibly singled out.

Accordingly, Plaintiff has failed to establish a *prima facie* case of disability discrimination.

The Chief Magistrate Judge also found that Plaintiff did "not attempt to establish that 'she

was treated less favorably than a similarly situated, non-protected employee.'"  (ECF No. 48, 22

n.10) (quoting *Day v. Krystal Co.*, 471 F. Supp. 2d 874, 884 (E.D. Tenn. 2007)).  In her Objections,

Plaintiff alleges she "was treated less-favorably than McCrae, Harrison and Northcott."[2]  (ECF

No. 49, 7.)  Plaintiff contends that these individuals "were not subjected to an annual performance

review which considered their leave or disabling medical conditions[.]"  However, Plaintiff's fiscal

year 2018 performance review does not support the assertion that her disability and leave were

factors in her performance evaluation.  (*See* ECF No. 26-1, 2.)  While these employees may not

have been terminated, Plaintiff adduces no evidence from which the Court can conclude they are

similarly situated.  *See Jones v. Potter*, 488 F.3d 397, 405 (6th Cir. 2007) ("[T]he individuals with

whom the plaintiff seeks to compare his/her treatment must . . . have been subject to the same

standards, and engaged in the same conduct without such differentiating or mitigating

circumstances that would distinguish their conduct or the employer's treatment of them for it."

(quoting *Gray v. Toshiba Am. Consumer Prods.*, 263 F.3d 595, 599 (6th Cir. 2001))).  Finally,

even if Plaintiff has established a *prima facie* case, as explained below, Plaintiff is still not entitled

to summary judgment on her disability discrimination claim.

---

[2] Per Plaintiff's Motion for Summary Judgment, Stacy McCrae, Donna Harrison, and Donna Northcott are Executive
Administrative Assistants for executives in FedEx's Human Resources department.  (ECF No. 26, 4.)  McCrae and
Harrison "report to Ms. Judy Edge, FedEx's Corporate Vice President for Human Resources."  (*Id.*)

The Chief Magistrate Judge found that even if Plaintiff established a *prima facie* case of disability discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for eliminating Plaintiff's position.  (ECF No. 48, 22.)  The Chief Magistrate Judge found Defendant has explained that Galambos took over Plaintiff's job duties because Plaintiff made mistakes with scheduling meetings, failed to effectively communicate with Galambos, and was unreliable with answering phone calls and emails.  (*Id.* at 22–23.)  Plaintiff does not specifically object to this finding.  Therefore, the burden would shift to Plaintiff to show that Defendant's legitimate, nondiscriminatory reason is pretextual.  *Ferrari*, 826 F.3d at 892 (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).  The Chief Magistrate Judge determined that Plaintiff did not proffer sufficient evidence to support a showing of pretext.  (ECF No. 48, 24.)

"[P]laintiff can show pretext in three interrelated ways:  (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action."  *Ferrari*, 826 F.3d at 895 (quoting *Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 839 (6th Cir. 2012)).  Plaintiff's Objections do not attempt to argue that Plaintiff did not commit the mistakes referred to by Defendant in articulating its legitimate, nondiscriminatory reason.  Instead, it appears that Plaintiff contends that Defendant's legitimate explanation was not the true reason for the elimination of her position.  Plaintiff speculates that it was illogical to eliminate Plaintiff's position pursuant to "staffing effectiveness" because it left Galambos without an Executive Administrative Assistant while Judy Edge retained two Executive Administrative Assistants—one of whom is part-time.  (ECF No. 49, 7.)  Plaintiff provides little detail and no other factual basis for this opinion.  This mere speculative assertion, unsupported by evidence in the record, is insufficient to establish pretext.

Plaintiff also asserts that Defendant violated its own staffing effectiveness policy because Defendant allegedly did not attempt to place Plaintiff in another position. (ECF No. 49, 13.) However, Plaintiff has not explained how this allegation and the fact that Defendant did not hire Plaintiff to a new position should amount to a finding of pretext. Without factual support showing that Plaintiff was discriminated against in searching for other jobs with Defendant, the outcome of the staffing effectiveness process is insufficient to establish pretext.[3] *See e.g.*, *Adebisi v. Univ. of Tenn.*, 341 F. App'x 111, 113 (6th Cir. 2009) ("A plaintiff's 'conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law.'" (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992))). For the same reason, Plaintiff's unsupported assertions regarding the logic of a reduction in force eliminating her position are not helpful to Plaintiff. Moreover, Plaintiff argues that Defendant has changed its reasons for the elimination of Plaintiff's position since such action was taken. (ECF No. 49, 14–15.) However, this is not supported by the record, as Defendant has consistently maintained that Plaintiff's position was eliminated pursuant to a reduction in force. Accordingly, Plaintiff is not entitled to summary judgment on her disability discrimination claim.

C. Family and Medical Leave Act (FMLA) Claims

  1. *FMLA Interference*

To establish an FMLA interference claim, Plaintiff must demonstrate that "(1) [she] is an eligible employee, (2) the defendant is an employer as defined under the FMLA, (3) the employee was entitled to leave under the FMLA, (4) the employee gave the employer notice of [her] intention to take leave, and (5) the employer denied the employee FMLA benefits to which [she] was

---

[3] An exhibit identified in Plaintiff's Objections—the Staffing Effectiveness Policies and Procedures—states: "It is the responsibility of affected employees to take personal initiative and accountability for pursuing other positions with guidance from management and Human Resources." (ECF No. 39-8.)

entitled." *Tennial v. UPS*, 840 F.3d 292, 308 (6th Cir. 2016) (citing *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005)); *see also Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007) ("If an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled."). The Chief Magistrate Judge concluded that Plaintiff could not establish a claim for FMLA interference because she was never denied FMLA leave. (ECF No. 48, 25.) In her Objections, Plaintiff states that Defendant interfered with her FMLA rights "when Galambos considered both her serious medical condition and leave from work in a performance review issued on May 31, 2018." (ECF No. 49, 9.) However, even examining the fiscal year 2018 performance review, the record is devoid of evidence that Plaintiff's leave and medical condition were considered or utilized as factors in assessing Plaintiff's job performance or eliminating Plaintiff's position. (*See* ECF No. 39-11, 11.) Accordingly, the Court adopts the Chief Magistrate Judge's conclusion that Plaintiff has not established a claim for FMLA interference because she was never denied FMLA benefits and because there is no evidence her FMLA leave was used as a factor in the decision to eliminate Plaintiff's position. Plaintiff is thus not entitled to summary judgment on her FMLA interference claim.

### 2. *FMLA Retaliation*

To establish a *prima facie* FMLA retaliation claim, Plaintiff must demonstrate that (1) she engaged in activity protected under the Act, (2) her exercise of protected rights was known to Defendant, (3) Defendant subsequently subjected Plaintiff to an adverse employment action, and (4) "there was a causal connection between the protected activity and the adverse employment action." *Tennial*, 840 F.3d at 308 (citing *Arban v. W. Pub. Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)). The Chief Magistrate Judge determined that Plaintiff had not established the fourth

11

element because the temporal proximity between her FMLA leave and the elimination of her position could not, standing alone, establish a causal connection.  (ECF No. 48, 26.)  Plaintiff has not specifically objected to this conclusion and has offered only the temporal proximity and the performance review as evidence of a causal connection.  For the reasons previously provided, the performance review is not indicative of retaliatory intent.  As to the temporal proximity, nearly four months elapsed between Plaintiff's return from FMLA leave and the elimination of her position.   Under Sixth Circuit precedent and the facts of this case, the Court adopts the determination of the Report and Recommendation and concludes that this amount of time does not demonstrate a causal connection and thus fails to establish a *prima facie* case of retaliation.  *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection . . . .  But where some time elapses . . . the employee must couple temporal proximity with other evidence . . . .").

Even if the temporal proximity in this case were sufficient to establish a *prima facie* case of retaliation under the FMLA, the burden would shift to Defendant to articulate a legitimate, nondiscriminatory explanation for the elimination of Plaintiff's position. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001).  Defendant has met this burden by stating that Plaintiff's position was eliminated pursuant to a reduction in force resulting from the determination that Plaintiff's position was redundant.  Plaintiff would thus be required to show that Defendant's legitimate explanation is pretextual.   As explained in addressing Plaintiff's disability discrimination claim, Plaintiff cannot make this showing.  Plaintiff has not identified any competent evidence tending to indicate that her FMLA leave was considered by Defendant in

eliminating Plaintiff's position.  Accordingly, Plaintiff is not entitled to summary judgment on her FMLA retaliation claim.  Plaintiff's Motion for Summary Judgment is **DENIED**.

**III.    <u>Defendant's Motion for Summary Judgment</u>**

A.  <u>ADA Claim</u>

The Chief Magistrate Judge concluded that Plaintiff could not establish a *prima facie* case of discrimination under the ADA because Defendant did not replace Plaintiff or leave Plaintiff's position open while searching for a replacement.  (ECF No. 48, 27–28.)  The Report and Recommendation also determined that, given the reduction in force standard, Galambos' alleged statement regarding Plaintiff's FMLA leave is insufficient to create a genuine dispute of material fact because it was unrelated to the decision to eliminate Plaintiff's position.  (*Id.* at 29.)  Plaintiff has not countered this conclusion.

Further, the Chief Magistrate Judge concluded that even if Plaintiff could establish a *prima facie* case of discrimination under the ADA, Defendant had articulated a legitimate non-discriminatory explanation for the elimination of Plaintiff's position.  (ECF No. 48, 29.)  The burden then shifts to Plaintiff "to create a genuine issue as to whether the rationale is pretextual." *Ferrari*, 826 F.3d at 895 (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 260 (6th Cir. 2011)).  In this regard, the Chief Magistrate Judge rejected Plaintiff's assertion that Defendant's explanation is pretextual because it would be more logical to eliminate another part-time Executive Assistant's position.  (ECF No. 48, 30.)  Plaintiff makes the same argument at this stage of the litigation, and the Court finds it insufficient because, as the Chief Magistrate Judge concluded, it is entirely speculative and not supported by any facts.  Because Plaintiff has failed to establish a *prima facie* case of discrimination, and because Plaintiff has failed to create a genuine issue regarding pretext,

Defendant is entitled to summary judgment on Plaintiff's disability discrimination claim under the ADA.

    B.  <u>FMLA Claims</u>

        *1.  FMLA Interference*

The Report and Recommendation recommends summary judgment in favor of Defendant on Plaintiff's FMLA interference claim because Plaintiff has not established that she was denied FMLA benefits as required for the *prima facie* showing.  (ECF No. 48, 31.)  In her Objections, Plaintiff argues that Defendant interfered with her FMLA rights "when Galambos considered both her serious medical condition and leave from work in a performance review[.]"  (ECF No. 49, 9.) As explained above, examining the performance review in question, there is no basis upon which to conclude that Galambos used Plaintiff's medical condition or leave from work as factors in evaluating Plaintiff's work performance or eliminating Plaintiff's position.  There is no evidence that Defendant "somehow used the leave against [Plaintiff] and in an unlawful manner[.]"  *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007) (quoting *Bradley v. Mary Rutan Hosp.*, 322 F. Supp. 2d 926, 940 (S.D. Ohio 2004)).  This is insufficient at the summary judgment stage. Because Plaintiff has not created a genuine issue regarding denial of FMLA benefits, Plaintiff's FMLA interference claim fails as a matter of law.  Defendant is entitled to summary judgment on Plaintiff's FMLA interference claim.

        *2.  FMLA Retaliation*

Finally, the Chief Magistrate Judge determined that Defendant is entitled to summary judgment on Plaintiff's FMLA retaliation claim because the temporal proximity standing alone was insufficient to establish a causal connection between Plaintiff's FMLA leave and the elimination of Plaintiff's position.  (ECF No. 48, 31–32.)  In her Objections, Plaintiff again relies

on the fact that her position was eliminated nearly four months after she returned from FMLA leave. (ECF No. 49, 11.)  As explained above, this length of time alone does not establish—or raise a genuine dispute as to—a causal connection.  *See Mickey*, 516 F.3d at 525.  Further, Plaintiff's Objections are not responsive to this conclusion.  Accordingly, Plaintiff has not established a *prima facie* case of retaliation under the FMLA.  Additionally, even if Plaintiff has established a *prima facie* case of FMLA retaliation, Defendant has articulated a legitimate, nondiscriminatory reason for the elimination of Plaintiff's position—that Plaintiff's position was redundant and unnecessary.  Plaintiff has not raised a genuine dispute that Defendant's explanation is pretextual.  Plaintiff's Objections assert that the elimination of her position rather than other positions is illogical, but this assertion is entirely speculative and, as explained, is not supported by any facts.[4]  Overall, Plaintiff's attempts to raise a genuine dispute as to pretext are conjecture and are insufficient.  *See Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 724 (6th Cir. 2006) (alteration in original) ("It is well settled that '[m]ere personal beliefs, conjecture and speculation are insufficient to support an inference of [] discrimination.'" (quoting *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997))).  Accordingly, Defendant is entitled to summary judgment on Plaintiff's FMLA retaliation claim.  Defendant's Motion for Summary Judgment is **GRANTED**.

<u>**CONCLUSION**</u>

For the reasons provided above, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation.  Plaintiff's Motion for Summary Judgment is **DENIED**.  Defendant's

---

[4] As explained above, the Court similarly rejects Plaintiff's attempt to raise a genuine dispute as to pretext by arguing that Defendant violated its staffing effectiveness policy.

Motion for Summary Judgment is **GRANTED**.   Plaintiff's Complaint is **DISMISSED** with prejudice.[5]

       **IT IS SO ORDERED** this 23rd day of August, 2021.

                            ***s/John T. Fowlkes, Jr.***

                            JOHN T. FOWLKES, JR.
                            United States District Judge

---

[5] In her Objections, Plaintiff asserts reasonable accommodation discrimination under the ADA.  (ECF No. 49, 11.)  However, in her Complaint, Plaintiff checked the "discriminatory conduct" boxes only for termination of employment and retaliation; Plaintiff left the "[f]ailure to accommodate my disability" box blank.  (ECF No. 1, 4.)  Accordingly, Plaintiff cannot now assert a claim for failure to accommodate under the ADA.