**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| Brenda Kay Leavy, )<br><br>Plaintiff, )<br><br>vs. )<br><br><br>Federal Express Corporation, )<br><br>Defendant, ) | Case 2:19-cv-02705-JTF-tmp |

**PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION FOR SANCTIONS AND CAUTION REGARDING SANCTIONS  (ECF No. 74)**

**COMES NOW** Plaintiff Brenda Kay Leavy, *Pro Se*, and respectfully submits this Objection to the Court's Order entered December 18, 2025 (ECF No. 74), denying Plaintiff's Motion for Sanctions under Rule 11(c) (ECF No. 73) and cautioning Plaintiff regarding potential sanctions. This objection is submitted to correct the record, preserve Plaintiff's rights, and prevent mischaracterization of Plaintiff's good-faith compliance with Rule 11 and the Federal Rules of Civil Procedure.

## I. RULE 11(c)(2) SAFE HARBOR WAS SATISFIED

The Court states that "it appears" Plaintiff failed to comply with Rule 11's 21-day safe harbor requirement. Respectfully, the record demonstrates otherwise.

Plaintiff fully complied with Rule 11(c)(2) as follows:

1. **Initial Safe Harbor Notice**
   On December 2, 2025, Plaintiff served Defendant's counsel with the Rule 11 motion and all supporting exhibits via overnight FedEx delivery. Delivery was confirmed.
   *(Exhibit 1 – Certified FedEx Delivery Confirmation)*

2. **Supplemental Notices (Non-Resetting)**

   On December 5, 2025, and again on December 7, 2025, Plaintiff sent supplemental emails to Defendant's counsel providing additional supporting facts and clarification. Each email expressly stated that it was supplemental only and did **not** reset or extend the 21-day safe harbor period.
   *(Exhibit 2 – December 7, 2025 Emails)*

3. **Acknowledgment by Defense Counsel**
   On December 11, 2025, Defendant's lead counsel, Barak Jonathan Babcock, acknowledged receipt of the materials and confirmed that he would be the primary attorney handling the matter.
   *(Exhibit 4 – December 11, 2025 Email)*

These facts establish full compliance with Rule 11(c)(2). Accordingly, the Court's suggestion of noncompliance is factually unsupported by the record.

## II. PLAINTIFF'S MOTION WAS FILED IN GOOD FAITH AND WAS NOT FRIVOLOUS

Plaintiff's Rule 11 motion identified specific, documented conduct by Defendant and its counsel, including:

- Inconsistent and shifting explanations for Plaintiff's termination;
- Post hoc performance allegations raised years after termination;
- Conflicting RIF narratives;
- Failure to conduct any independent internal investigation despite known conflicts of interest.

These allegations were supported by documentary exhibits and sworn filings and were not speculative or repetitive filings.

Plaintiff respectfully notes that her Rule 11 motion did **not** merely rehash previously rejected claims. Rather, it addressed **litigation conduct** and **representations made to the Court**, which are proper subjects of Rule 11 review even after judgment.

## III. RULE 60(b)(4) MOTION WAS LEGALLY GROUNDED AND FILED IN GOOD FAITH

The Order characterizes Plaintiff's Rule 60(b)(4) motion as "frivolous" and "not filed within a reasonable time." Plaintiff respectfully objects to this characterization for the record.

Rule 60(b)(4) permits relief from a void judgment **at any time**. A judgment entered without jurisdiction or in violation of due process is void as a matter of law. Plaintiff's motion raised serious constitutional issues, including:

- Entry of judgment without any evidentiary hearing or trial;
- Denial of an opportunity to be heard on material factual disputes;
- Dismissal of ADA claims without addressing interactive-process obligations recognized by controlling Sixth Circuit precedent.

Plaintiff cited controlling authority, including *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862 (6th Cir. 2007). While the Court disagreed with Plaintiff's arguments, disagreement does not render a filing frivolous.

## IV. CAUTION REGARDING SANCTIONS IS UNSUPPORTED AND DISPROPORTIONATE

The Court's caution regarding potential sanctions appears premised on an incorrect assumption of Rule 11 noncompliance and a broad characterization of Plaintiff's filings.

Plaintiff respectfully notes:

- She has incurred **substantial filing costs** in good-faith pursuit of relief, including **$400 to file in the district court** and **$505 to file in the Sixth Circuit**.
- Plaintiff has consistently complied with procedural rules, filing deadlines, and service requirements.
- Plaintiff's filings are aimed at preserving constitutional rights and correcting the record, not harassing the Court or Defendant.

Under these circumstances, a warning of sanctions risks chilling access to the courts for a *pro se* litigant asserting non-frivolous constitutional claims.

## V. PURPOSE OF THIS OBJECTION

Plaintiff submits this objection to:

1. Correct the record regarding Rule 11(c)(2) compliance;
2. Preserve her objection to the characterization of her filings as frivolous;
3. Prevent future misinterpretation of her good-faith litigation conduct; and
4. Ensure procedural fairness going forward.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the Court's December 18, 2025 Order (ECF No. 74) to the extent it suggests noncompliance with Rule 11, characterizes Plaintiff's filings as frivolous, and cautions Plaintiff regarding sanctions. Plaintiff requests that this objection be entered into the record for all appropriate purposes.

**Respectfully submitted,**

/s/ **Brenda Kay Leavy**
Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cv
Memphis, TN 38141
Email: bkmeeks1@att.net
Date: December 19, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on **December 19, 2025**, I electronically served a true and correct copy of the foregoing **Plaintiff's Objection to Order Denying Motion for Sanctions and Caution Regarding Sanctions (ECF No. 74)** on counsel for Defendant by electronic mail, addressed as follows:

Mr. Barak Jonathan Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Service was made pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

/s/ **Brenda Kay Leavy**
Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cv
Memphis, TN 38141
Email: bkmeeks1@att.net
Phone: (901) 495-3561

# Exhibits

| Exhibit | Description |
| --- | --- |
| Exhibit 1 | Rule 11 Safe Harbor Letter, served December 2, 2025 |
| Exhibit 2 | FedEx Certified Delivery Confirmation, December 4, 2025 |
| Exhibit 3 | Supplemental Email, December 5, 2025 |
| Exhibit 4 | Supplemental Email, December 7, 2025 |
| Exhibit 5 | Counsel acknowledgment email, December 11, 2025 |