IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Brenda Kay Leavy, | ) |
| Plaintiff, | ) |
| vs. | ) Case 2:19-cv-02705-JTF-tmp |
| FedEx Corporation, | ) |
| Defendant, | ) |

**MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Plaintiff Brenda Kay Leavy ("Leavy"), *pro se*, respectfully moves this Court pursuant to Fed. R. Civ. P. 11(c) for sanctions against Defendant FedEx Corporation ("FedEx") for filing and maintaining claims, defenses, or submissions that are frivolous, legally unreasonable, or unsupported by evidence, and for failing to respond to the Safe Harbor Notice dated December 4, 2025.

## I. Introduction and Procedural Background

1. On December 4, 2025, Leavy served Defendant with a Rule 11 Safe Harbor Notice in accordance with Fed. R. Civ. P. 11(c)(2), detailing specific filings and conduct that Leavy contends are improper or unsupported.

2. Defendant was given 21 days to respond, but as of the date of this filing, no response has been received.

3. This non-response demonstrates continued maintenance of filings that are frivolous, unsupported by evidence, and legally unreasonable, justifying sanctions under Rule 11.

1

4. On November 13, 2025, Leavy filed a Motion to Vacate Void Judgment pursuant to Rule 60(b)(4) (Docket 70) and related filings (Dockets 71, 72, 76). No hearing was held on these filings, and the Court denied both the Rule 60(b)(4) motion and the prior Rule 11 motion (Docket 74).

5. The Court, in its December 18, 2025 order (Docket 74), described Leavy's prior filings as "frivolous" and noted that she was a "persistent filer of frivolous documents." Leavy respectfully submits that this characterization is inaccurate: since returning to this Court, she had filed only two post-judgment motions and a supplemental filing to support the Rule 60(b)(4) motion, all based on **verified facts and controlling law**.

## II. Clarification: Motion Does Not Reargue the Case

Leavy's motion **does not seek to relitigate the merits** of her ADA, FMLA, or termination claims. Rather, this motion targets Defendant FedEx's objectively false and misleading filings, misrepresentations of evidence, and failure to act in good faith - conduct which is sanctionable under Rule 11(b)(3). Leavy's focus is on **the integrity of the record and the Court**, not on retrying previously adjudicated claims.

## III. Factual Allegations Supporting Rule 11 Sanctions

### A. False Declarations by Karen Galambos

- Karen Galambos' ("Galambos") declaration falsely claims that Leavy was "taking business calls in the restroom" and required "coaching" on her job.

- In reality, these allegations arose during a period when Galambos **selectively micromanaged Leavy**, tracking her every movement - a practice not applied consistently across the HR department (R. 39-2, PageID 366–367).

- These claims were never raised during Leavy's 26-year career and surfaced only after Leavy disclosed her breast cancer diagnosis, demonstrating post hoc justifications for her termination.

### B. EEOC Position Statement Contradictions

- FedEx's EEOC Position Statement asserts that Galambos treated Leavy with "kindness, compassion, patience, and respect." (ECF 39-3, PageID 414.)

- This statement directly contradicts documented retaliation: same-day termination following a mammogram, confiscation of Leavy's badge in front of coworkers, and false declarations.

- The discrepancy demonstrates **intentional misrepresentation to a federal agency**, undermining FedEx's credibility.

### C. Misrepresentation of Medical Records

- FedEx attorney Robbin W. Hutton subpoenaed and reviewed Leavy's complete medical records, including a completed medical certification documenting breast cancer diagnosis, treatment, functional limitations, and the need for accommodations.

- FedEx asserted that "Leavy never sought any accommodation regarding her medical condition other than intermittent FMLA leave, which FedEx granted." This contention misstates controlling Sixth Circuit law. An employee is not required to invoke the ADA, use "magic words," or formally request a reasonable accommodation to trigger an employer's obligations. *Yeager v. Kroger Co.*, 646 F. App'x 447, 450 (6th Cir. 2016). Once an employer is on notice of a disability and related medical limitations, the duty to engage in the interactive process arises as a matter of law. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007). An employer cannot prevail where the record reflects a failure to participate in that process in good faith. *Atkins v. Dolgencorp, LLC*, 6th Cir. 2018. FedEx's filings omit any evidence that it engaged in the interactive process at all, rendering its position legally unsupported and misleading under Rule 11(b)(3).

- Employer cannot prevail where good-faith interactive process is disputed or absent. *Atkins v. Dolgencorp*, 6th Cir.

- FedEx's withholding of the complete certification, submitting only an incomplete version, constitutes a knowing misrepresentation to the Court.

### D. Longstanding Exemplary Service

- Leavy worked for FedEx for 26 years: 2 years in Legal and 24 years in HR, supporting six consecutive Vice Presidents.

- Her performance evaluations document consistent excellence, directly contradicting FedEx's claims of performance or conduct deficiencies raised years later as a pretext for termination.

### E. Failure to Engage in ADA Interactive Process

- FedEx never engaged in the interactive process required under the Americans with Disabilities Act (ADA), nor did it reference any such process in filings or communications. Under controlling Sixth Circuit precedent, an employer **cannot prevail at summary judgment where a genuine dispute exists about its good-faith participation in the interactive process** (*Atkins v. Dolgencorp, LLC,* 6th Cir. 2018). Similarly, the Sixth Circuit has repeatedly recognized that an employer has an independent duty to know and comply with ADA obligations, and that it cannot shift the burden to the employee to ensure accommodation requests are formalized or explicit (*Kleiber v. Honda of Am. Mfg.,* 6th Cir. 2007; *Yeager v. Kroger*, 6th Cir.).

- In plain terms, this means that FedEx's failure to initiate or meaningfully engage in the interactive process - regardless of whether Leavy formally requested accommodation beyond intermittent FMLA leave - constitutes a violation of the ADA. FedEx's legal framing in its filings was therefore objectively defective and misleading, demonstrating bad faith under Rule 11(b)(3).

### F. Post Hoc Pretext for Termination

- FedEx's explanations for termination arose only after Leavy disclosed her breast cancer, including false claims of performance issues and restroom calls.

- These post hoc justifications demonstrate that FedEx's filings were **unsupported by the record** and knowingly misleading.

## IV. Legal Argument: Rule 11(b)(3)

Rule 11(b)(3) provides that filings submitted to the Court must be **warranted by existing law and evidence**. FedEx's submissions:

- Contain false factual statements (declarations, EEOC statements)
- Misrepresent medical records and Leavy's disability
- Ignore controlling Sixth Circuit ADA precedent
- Omit critical context, such as selective micromanagement

This conduct constitutes **objectively unreasonable filings** and demonstrates bad faith, satisfying Rule 11(b)(3).

4

## V. Safe Harbor Compliance

- Leavy served FedEx with a Rule 11 Safe Harbor Notice on **December 4, 2025**, via electronic mail (Exhibit 22).

- The 21-day period elapsed without any response, satisfying the procedural requirement under Fed. R. Civ. P. 11(c)(2).

- Defendant's failure to cure or respond confirms the continued maintenance of sanctionable filings.

## VI. Relief Requested

Leavy respectfully requests the Court to:

1. Enter sanctions against Defendant FedEx Corporation under Rule 11(c) for filing and maintaining objectively false or unsupported submissions.

2. Award costs incurred by Leavy in responding to these filings, including attorney fees, if applicable.

3. Grant any further relief the Court deems just and proper.

## VII. Supporting Exhibits

1. **Exhibit 1:** Plaintiff Rule 11 for Sanctions
2. **Exhibit 2:** Safe Harbor Notice
3. **Exhibit 3:** FedEx Certified Delivery Confirmation
4. **Exhibit 4:** December 5 Supplemental
5. **Exhibit 5:** December 7 Supplemental
6. **Exhibit 6:** Counsel Acknowledgment of Safe Harbor

## Conclusion

Leavy's filings are truthful, evidence-based, and grounded in controlling law. By contrast, FedEx's filings contain objectively false statements, withheld material evidence, and misrepresented facts to the Court and federal agency, warranting sanctions under Rule 11(b)(3). Leavy therefore respectfully requests the Court grant this motion in full.

Respectfully submitted,

/s/ Brenda Kay Leavy
Brenda Kay Leavy, Pro Se
Email: bkmeeks1@att.net

December 26, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing Motion for Sanctions Pursuant to Rule 11 was served on counsel for Defendant via electronic mail at the following address:

> Mr. Barak Jonathan Babcock
> Federal Express Corporation
> 3620 Hacks Cross Road, Building B, 3rd Floor
> Memphis, TN 38125
>
> barak.babcock@fedex.com

Service was made pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

/s/ Brenda Kay Leavy
Brenda Kay Leavy, Pro Se
Email: bkmeeks1@att.net