IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Brenda Kay Leavy, | ) |
| Plaintiff, | ) |
| vs. | ) Case 2:19-cv-02705-JTF-tmp |
| | ) **JURY DEMAND** |
| Federal Express Corporation, | ) |
| Defendant, | ) |

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR SANCTIONS PURSUANT TO RULE 11(C)**

## Introduction of Exhibits

Plaintiff submits the following citations to documents already filed in the Court's record:

• **Exhibit 1:**
Letter from FedEx Senior Paralegal Specialist Sharon Daniel to the West Cancer Center, previously filed at **ECF 31-5, PageID 236–237**, including **Attachment A**, a subpoena personally signed by FedEx attorney Robbin W. Hutton, previously filed at **ECF 31-5, PageID 238–242**.

• **Exhibit 2:**
Declaration of Robbin W. Hutton, confirming she obtained and reviewed Plaintiff's medical records from the West Cancer Center, previously filed at **ECF 31-5, PageID 233–234**..

1. **FedEx's Knowledge of Plaintiff's Disability and Medical Records**

Plaintiff has located the letter from FedEx Senior Paralegal Specialist Sharon Daniel to the West Cancer Center (ECF 31-5, PageID 236–237), which states that her office represents Defendant in this lawsuit and encloses:

   • a HIPAA authorization signed by Plaintiff, and
   • **Attachment A**, a subpoena personally signed by attorney **Robbin W. Hutton** (ECF 31-5, PageID 238–242).

1

Additionally, attorney Robbin W. Hutton submitted a sworn declaration confirming that she personally obtained and reviewed Plaintiff's medical records from the West Cancer Center (**ECF 31-5, PageID 233–234**).

2. **Misrepresentation to the Court**
   Despite possessing and reviewing Plaintiff's oncology records (ECF 31-5, PageID 233–242), FedEx represented to the district court that:

   • Plaintiff had "no medical evidence,"
   • Plaintiff was "not disabled," and
   • Plaintiff required no accommodation.

These statements were objectively false and contradicted documents FedEx had already obtained.

3. **Selective Disclosure and Omission of Evidence**
   Although FedEx obtained authorization for Plaintiff's psychiatric and medical records (ECF 31-5, PageID 236–242), these records were never produced to Plaintiff or included in summary judgment briefing or the Sixth Circuit appendix.

4. **Rule 11 Violations**
   FedEx's misrepresentation of material facts, reliance on selective records, and omission of evidence constitute violations of Fed.R.Civ.P. 11(b)(3) and (b)(2), demonstrating bad-faith litigation.

Plaintiff respectfully submits this supplement to provide FedEx the opportunity to withdraw or correct the misrepresentations within the 21-day safe harbor period.

**Respectfully submitted,**

/s/Brenda Kay Leavy
Brenda Kay Leavy, *Pro Se*
5036 Overview Ridge Cv
Memphis, TN 38141